05/24/2006 17:13 FAX 12126619491   LEVY TOLMAN & COSTELLO LLP   ☒002/017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
DAVID CHANG,

                     Plaintiff,

    -against-

CHARLES KOO,

                     Defendant
---------------------------------------------------------------X

Index No. 601847/06

Date Purchased: 5/24/06
Filed on: 5/24/06

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

MAY 24 2006

NOT COMPARED
WITH COPY FILED

To the above named Defendant:

    **You are hereby summoned** and required to submit to plaintiff's attorney your answering papers on this motion for summary judgment in lieu of complaint within the time provided in the notice of motion for summary judgement in lieu of complaint annexed hereto. In the case of your failure to submit answering papers, summary judgment will be taken against you by default for relief demanded in the notice of motion for summary judgment in lieu of complaint.

    The basis of the venue designated is the execution of the agreement in New York City for the payment of money.

Dated: New York, New York
         May 24, 2006

                                         LEVY, TOLMAN & COSTELLO, LLP
                                         Attorneys for Plaintiff
                                         630 Third Avenue
                                         Office and Post Office Address
                                         New York, New York 10017
                                         (212) 949-8770

                                         by: _____
                                               Robert J. Costello
                                           A Member of the Firm

S:\M users\COSTELLO\Chang\Charles Koo\Summons-052306.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
DAVID CHANG,

                      Plaintiff,

      V.

CHARLES KOO,

                      Defendants.
--------------------------------------------------------------X

Index No. 601847/06

NOTICE OF MOTION FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT

Sirs:

      PLEASE TAKE NOTICE, that upon the annexed affidavits of Robert J. Costello and David Chang sworn to on May 24, 2006, and upon the attached exhibits, the plaintiff will move this court in Room 130 Motion Submissions Part at the courthouse located at 60 Centre Street, New York, on June 30, 2006, at 9:00 a.m. or as soon thereafter as counsel may be heard, for an order pursuant to CPLR 3213 directing the entry of judgment for the plaintiff and against the defendant in the amount of $500,000.00 with interest from July, 2003, on the ground that this action is based upon an instrument for the payment of money only which is now due and payable, and for such other and further relief as to this court may seem just and proper.

      The above-entitled action is for non-payment of an instrument for the payment of money owed.

      PLEASE TAKE FURTHER NOTICE, that all answering papers shall be served on the undersigned on or before June 23, 2006.

Dated: New York, New York
      May 24, 2006

Yours, etc.,

LEVY, TOLMAN & COSTELLO, LLP
Attorneys for Plaintiff - David Chang
630 Third Avenue
New York, NY 10017
212-949-8770

by: _____
Robert J. Costello, Esq.
A Member of the Firm

TO:   Charles Koo
      Robin Road
      Alpine, NJ 07632

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
DAVID CHANG

                                  Plaintiff,

        V.

CHARLES KOO,

                                  Defendants.
----------------------------------------X

Index No.

AFFIDAVIT IN SUPPORT

STATE OF NEW YORK  )
                      ) ss.:
COUNTY OF NEW YORK)

       ROBERT J. COSTELLO, being duly sworn, deposes and says:

       1.     I am the attorney for David Chang and I am a member of the firm Levy, Tolman & Costello, LLP. I am admitted to practice before the Courts of this State. I make this affidavit in support of plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR §3213.

       2.     Prior to 2001, David Chang had personally loaned Charles Koo $600,000.00. The loan transaction took place in New York City. When Mr. Koo failed to repay the loan in a timely fashion, Mr. Chang obtained counsel Bradley Simon to help collect the debt. Thereafter, negotiations between the parties and their counsel led to a resolution.

       3.     On November 18, 2001, David Chang and Charles Koo, each represented by his own New York legal counsel, met at the offices of Frank Wright and Associates, located at 641 Lexington Avenue New York, NY 10022. At that time, Mr. Koo acknowledge that he was indebted to David Chang in the outstanding amount of $600,000.00 and agreed to a repayment schedule.

4. Pursuant to the agreement reached in New York on October 18, 2001, New York counsel for David Chang sent a letter to Frank Wright, the attorney for Charles Koo, memorializing the settlement between the parties. That agreement was confirmed in writing on November 21, 2001 by Frank Wright, Esq. as counsel for Charles Koo.

5. Pursuant to those written agreements, Mr. Koo agreed to make the first payment of $100,000.00 to Mr. Chang by the end of calendar 2001. Thereafter, Mr. Koo agreed to pay the remaining $500,000.00 by making five annual $100,000.00 payments commencing June 30, 2003.

6. Pursuant to the agreement confirmed in writing by Frank Wright as counsel for Charles, Mr. Koo made the initial $100,000.00 payment to David Chang.

7. Thereafter Charles Koo failed to make his agreed upon payments on June 30, 2003, June 30, 2004 and June 30, 2005.

8. Based upon Mr. Koo's failure to make the last three $100,000.00 payments it is anticipated that Mr. Koo will fail to make the $100,000.00 payments scheduled for June 30, 2006 and June 30, 2007.

9. A demand has been made upon the defendant and his former counsel, Frank Wright, to comply with the terms of the settlement At my request, Frank Wright provided copies of those letters to me. These letters are annexed hereto as Exhibit

10. The Appellate Division of both the First and Second Departments have determined that the breach of a settlement agreement can form the basis of a motion for summary judgment in lieu of a complaint since it is an instrument for the payment of money only. Tongkook America, Inc. v Bates, 295 A.D. 2d 202, 743 N.Y.S. 2d 709 (1st Dept, 2002); J.D. Structures, Inc. v Waldbaum, 282 A.D. 2d 434, 723 N.Y.S. 2d 205 (2d Dept, 2001).

11. Therefore, plaintiff respectfully requests that judgment be entered against defendant Charles Koo in the amount of $500,000.00 with interest from July 1, 2003 when Mr. Koo failed to make the necessary payment.

Robert J. Costello

Sworn to before me on this
24th day of May, 2006.

Notary Public

LOIS H. KATZ
Notary Public, State of New York
No. 01KA6002398
Qualified in New York County
Commission Expires February 9, 2010

S:\Matters\COSTELLO\Chang\Charles Koo\RJC Affidavit-052306.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
DAVID CHANG

                       Plaintiff,

      V.

CHARLES KOO,

                     Defendants.
------------------------------------------------------------X

Index No.

AFFIDAVIT IN SUPPORT

STATE OF NEW YORK  )
                        ) ss.:
COUNTY OF NEW YORK)

        DAVID CHANG, being duly sworn, deposes and says:

    1.    I am the plaintiff-movant in this action. In 2001, in New York City, I met with Charles Koo and his attorney Frank Wright to resolve a debt that Mr. Koo owed me personally for monies I had previously advanced to him. The original loan took place in New York City.

    2.    On October 18, 2001, after meeting with both the lawyers present and directly with Mr. Koo, Mr. Koo and I reached an agreement on a schedule to repay the debt. The meeting took place in the law offices of Mr. Koo's attorney, Frank H. Wright at 641 Lexington Avenue, New York, New York. Mr. Koo and I informed our respective counsel of the terms of the agreement we had reached and Mr. Koo authorized his lawyer to acknowledge the agreement to be drafted by my then attorney Bradley Simon, Esq. A copy of Bradley Simon's confirmation letter to Frank Wright, Esq., defendant's then counsel, is annexed to Robert Costello's affidavit as part of Exhibit A.

    3.    On November 21, 2001, Frank Wright, Esq., as counsel for Charles Koo, acknowledged Mr. Koo's promise to repay me in accordance with the terms of the agreement

proposed by Bradley Simon on October 19, 2001. By additional letter, also dated November 21, 2001, Mr. Wright, with my agreement, modified the annual payment date from January 1 to June 30 for years 2003 through 2007. Copies of those letters are annexed to Robert Costello's affidavit as part of Exhibit A.

4. I acknowledge that Charles Koo made the first $100,000.00 payment to me before the end of 2001 by sending the money to my then New York attorney Bradley Simon at his office. After that, however, Mr. Koo has failed to make any additional payments.

5. Since June 2003, I have spoken to Mr. Koo by telephone on a few occasions, concerning his outstanding debt. On each occasion, Mr. Koo has stated that he was going to resume payments and complete the repayment, but he has not done so.

6. The amount of $500,000.00 remains due me and unpaid by defendant.

*David Chang*
David Chang

Sworn to before me on this
24th day of May, 2006.

*[signature]*
Notary Public

S:\Matters\COST:ROBERT\rt-COSTELLO\05232306.wpd
Notary Public State of New York
No. 02CO4743993
Qualified in Nassau County
Commission Expires April 30, 20__
June 30, 2007

LAW OFFICES OF
**BRADLEY D. SIMON**
500 FIFTH AVENUE
FORTY-SIXTH FLOOR
NEW YORK, NEW YORK 10110-4699
bdsimonlaw@aol.com

(212) 730-6900                                                                                                    FAX: (212) 730-6909

BRADLEY D. SIMON

BRIAN D. WALLER

October 19, 2001

<u>By Facsimile and U.S. Mail</u>

Frank Wright, Esq.
Frank Wright and Associates
641 Lexington Avenue
New York, NY 10022

Re: <u>David Chang and Charles Koo</u>

Dear Mr. Wright:

    This letter will serve to memorialize the agreement entered into yesterday between David Chang and your client, Charles Koo. As agreed, Mr. Koo will satisfy an outstanding debt of $600,000 to Mr. Chang as follows: Mr. Koo will immediately pay an initial sum of $100,000 to Mr. Chang. On or before January 1, 2003 and continuing each year thereafter, through January 1, 2007, Mr. Koo will pay the sum of $100,000 to Mr. Chang, payable on or before January 1 of each year. Pursuant to the agreement, Mr. Chang waives any and all interest with respect to this debt.

    I thank you for your efforts in facilitating the agreement reached between our respective clients.

Very truly yours,

Bradley D. Simon

Bradley D. Simon

# FRANK H. WRIGHT &
## ASSOCIATES, P.C.

ATTORNEYS AT LAW
641 LEXINGTON AVENUE, NEW YORK, NEW YORK 10022

TELEPHONE 212-832-3611
FACSIMILE 212-371-6632

November 21, 2001

By FAX and Regular Mail

Bradley D. Simon, Esq.
500 Fifth Avenue
Forty-sixth Floor
New York, NY 10110

RE: David Chang and Charles Koo

Dear Brad:

This will confirm our prior telephone conversations in which I stated to you that my client, Mr. Charles Koo, has authorized me to state in writing that he has agreed to settle Mr. David Chang's claim against him. Mr. Koo agrees to repay Mr. Chang in accordance with the terms set out in your letter to me dated October 19, 2001. If you have any questions please call.

Very truly yours,

Frank H. Wright

cc: Mr. Charles Koo

05/24/2006 17:16 FAX   12126619491                                                       ☒012/017

# FRANK H. WRIGHT &
## ASSOCIATES, P.C.

ATTORNEYS AT LAW
641 LEXINGTON AVENUE, NEW YORK, NEW YORK 10022

TELEPHONE 212-832-3611
FACSIMILE 212-371-0632

November 21, 2001

By FAX and Regular Mail

Bradley D. Simon, Esq.
500 Fifth Avenue
Forty-sixth Floor
New York, NY 10110

RE: David Chang and Charles Koo

Dear Brad:

This will confirm our conversation today concerning our prior correspondence regarding the agreement between Mr. Chang and Mr. Koo. As I told you Mr. Koo will make the first payment of $100,000 to Mr. Chang before the end of this year. With respect to the payments to be made in later years, this will confirm that Mr. Koo will make his annual payments to Mr. Chang by June 30th not January 1st of the remaining years in question commencing on June 30, 2003. By copy of this letter to Mr. Koo, I am passing on your request that the payments for the year 2003 be split into two payments of $50,000 each and that the first such payment be made earlier in the year than June 30th. At the appropriate time I will be back to you with Mr. Koo's response to this request. If you have any questions please do not hesitate to call.

Very truly yours,

Frank H. Wright

cc: Mr. Charles Koo

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.

DAVID CHANG,

    Plaintiff,

- against -

CHARLES KOO,

    Defendants.

SUMMONS & NOTICE
OF MOTION FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT

LEVY, TOLMAN & COSTELLO, LLP
ATTORNEYS AT LAW
630 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 943-8720

UCS-840 (REV 1/2000)

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT, NEW YORK COUNTY

INDEX NO. _____    DATE PURCHASED: _____

PLAINTIFF(S): DAVID CHANG

DEFENDANT(S): CHARLES KOO

| For Clerk Only |
|---|
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: _____   Bill of particulars served (Y/N): [ ] Yes   [X] No

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information)

[ ] Request for preliminary conference
[ ] Note of issue and/or certificate of readiness
[x] Notice of motion (return date: 06/30/06)
    Relief sought: summary judgment
[ ] Order to show cause
    (Clerk enter return date: _____)
    Relief sought _____
[ ] Other ex parte application (specify: _____)

[ ] Notice of petition (return date: _____)
    Relief sought _____
[ ] Notice of medical or dental malpractice action (specify: _____)
[ ] Statement of net worth
[ ] Writ of habeas corpus
[ ] Other (specify: _____)

**NATURE OF ACTION OR PROCEEDING** (Check ONE box only)

MATRIMONIAL
[ ] Contested                   -CM
[ ] Uncontested                 -UM

COMMERCIAL
[x] Contract                    -CONT
[ ] Corporate                   -CORP
[ ] Insurance (where insurer is a party, except arbitration) -INS
[ ] UCC (including sales, negotiable instruments) -UCC
[ ] *Other Commercial           -OC

REAL PROPERTY
[ ] Tax Certiorari              -TAX
[ ] Foreclosure                 -FOR
[ ] Condemnation                -COND
[ ] Landlord/Tenant             -LT
[ ] *Other Real Property        -ORP

OTHER MATTERS
[ ] * _____                    -OTH

[ ] Dental                      -DM
[ ] *Other Professional         -OPM
[ ] Motor Vehicle               -MV
[ ] *Products Liability         -PL
[ ] Environmental               -EN
[ ] Asbestos                    -ASB
[ ] Breast Implant              -BI
[ ] *Other Negligence           -OTN
[ ] *Other Tort (including intentional) -OT

SPECIAL PROCEEDINGS
[ ] Art. 75 (Arbitration)       -ART75
[ ] Art. 77 (Trusts)            -ART77
[ ] Art. 78                     -ART78
[ ] Election Law                -ELEC
[ ] Guardianship (MHL Art. 81)  -GUARD81
[ ] *Other Mental Hygiene       -MHYG
[ ] *Other Special Proceeding   -OSP

* If asterisk used, please specify.
TORTS
Malpractice
[ ] Medical/Podiatric           -MM