UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID CHANG,                                             06 CV 4847 (SAS) (ECF CASE)

                Plaintiff,

    -against-                                         **AFFIRMATION IN SUPPORT**
                                                                                            **OF REMAND**
CHARLES KOO,

                Defendant.
------------------------------------------------------------------------X

STATE OF NEW YORK   )
                         ) ss.:
COUNTY OF NEW YORK)

      Robert J. Costello, an attorney duly admitted to practice law before the Courts of the State of New York, and this Court, affirms to the truth of the following statements under penalty of perjury:

      1.    I am admitted in this Court, the Second Circuit, the United States Supreme Court, and Courts of the State of New York.  I am a member of the firm of Levy, Tolman & Costello, LLP, counsel to the Plaintiff David Chang, in the matter that was removed from the New York State Supreme Court to this Court allegedly on the basis of alienage of the defendant Charles Koo.  Plaintiff David Chang is a U.S. citizen and a resident of New Jersey.

      2.    The removed action, which was based on the breach of a settlement agreement, is unique to Courts in the State of New York.  The underlying action was a motion for summary judgment in lieu of complaint as authorized by C.P.L.R. § 3213.  In such a summary proceeding, based on a promissory note or as in this case a settlement agreed to by counsel, approved by the defendant and memorialized in writing, the State of New York has sought a way to summarily

enter judgment based on a settlement agreement whose terms have been breached.

3. While summary judgment exists in the federal arena, there is no federal equivalent to the summary proceeding provided for by New York law. The State Court proceeding has no complaint or answer. The C.P.L.R. § 3213 action seeks to reduce to judgment a settlement agreement previously reached by the parties. The C.P.L.R. § 3213 proceeding dispenses with a complaint or an answer; there is, therefore, no federal equivalent. There is no federal subject matter jurisdiction for this type of proceeding.

4. In New York State, when parties to a settlement agreement or a promissory note fail to pay, the C.P.L.R. provides a special summary procedure to turn that settlement agreement or promissory note into a judgment. This summary process is very different than a plenary trial which is governed by the Federal Rules of Civil Procedure. A federal court can not allow proceedings more summary than the full court trial. Thus the summary process brought below by plaintiff, pursuant to C.P.L.R. § 3213, could not have been brought originally in federal court and as such the federal court lacks subject matter jurisdiction, and the case should be remanded back to State Supreme Court.

5. In removal cases, the burden is on the moving party to demonstrate why the case should not be remanded back to the Court from whence it came. Counsel for Defendant Koo has failed to meet the burden with respect to both the issues of discovery and original jurisdiction.

6. In this case, Defendant Charles Koo, speaking only through his counsel, claims that he is entitled to remove this case based upon Mr. Koo's alleged alienage. In support of the preposition that the removal was justified, counsel for Koo claims that Koo is a South Korean citizen, but nothing is said about Mr. Koo's legal status in this country.

7.      In a removal case, the evidence supporting the removal must be found in the Plaintiff's original complaint. In this case, there is no evidence because there is no complaint. A statement by counsel as to defendant's citizenship has been found to be insufficient. Even treating the affidavit in support of the underlying motion in state court as the equivalent of a complaint provides no support to defendant since that affidavit did not discuss the residence or citizenship or legal status of any party because it was not necessary to the proceeding. Venue was proper in Supreme Court, New York County because the settlement agreement was entered into in New York County.

Dated:  New York, New York
        July 11, 2006

                                                            /S/
                                                    Robert J. Costello