UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAVID CHANG,                                                    06 CV 4847 (SHS) (ECF CASE)

                    Plaintiff and Counterclaim
                    Defendant

                    -against-                                    **ANSWER TO COUNTERCLAIM**

CHARLES KOO,

                    Defendant and Counterclaim
                    Plaintiff
------------------------------------------------------------------X

       David Chang by his attorneys Levy, Tolman & Costello, LLP for his Answer to the

Counterclaim states as follows:

       1.      Admits the allegations of Paragraph 1.

       2.      Admits the allegations of Paragraph 2.

       3.      Admits the allegations of Paragraph 3.

       4.      Admits the allegations of Paragraph 4.

       5.      Paragraph 5 states a legal conclusion as to which no responsive pleading is

required.

       6.      Paragraph 6 states a legal conclusion as to which no responsive pleading is

required.

       7.      Admits the allegations of Paragraph 7.

       8.      Paragraph 8 states a legal conclusion as to which no responsive pleading is

required.

       9.      Denies the allegations of Paragraph 9 except admits Nikko Enterprises, operating

1

under license and authority from the United States Government entered into agreements with Government Organizations of North Korea for the sale of wheat and corn in return for zinc and steel and refers to the various agreements for the terms therein. On information and belief KW Whang and Su Ho Lee also signed agreements on behalf of LG International (America) Inc. to provide wheat and corn to North Korean governmental entities. On information and belief LG International (America) Inc. received in excess of 27 million dollars worth of zinc that it failed to account for.

10. Admits the allegations contained in Paragraph 10.

11. Denies allegations of Paragraph 11, except admits that Nikko, HTRM and Bright & Bright Corporation are owned and controlled by David Chang and further states that whatever documents exist speak for themselves.

12. Admits the allegations of Paragraph 12.

13. Denies the allegations contained in Paragraph 13 and states that "such agreements" is an undefined term which does not specify any particular agreements. The agreements, if they exist, will speak for themselves.

14. Denies allegations of Paragraph 14 as the agreements referred to are unspecified. Any agreements which are executed will speak for themselves.

15. Admits that David Chang signed the agreement attached as Exhibit A, and refers to that agreement on its terms.

16. Denies the allegations of Paragraph 16 except admits David Chang's signature on Exhibit B, and refers to the document for its terms.

17. Denies the allegations of Paragraph 17 except admits David Chang's signature

2

and refers to the document for its terms.

18. Denies the allegations of Paragraph 18 and refers to the document for its terms.

19. Requires no additional responsive pleading.

20. Denies the allegations of Paragraph 20.

21. Denies the allegations of Paragraph 21.

## FIRST AFFIRMATIVE DEFENSE

22. The alleged assignment from LG International (America) Inc., a New York corporation, to Charles Koo dated August 25, 2006 is void ab initio as it lacked the necessary corporate approval.

## SECOND AFFIRMATIVE DEFENSE
## ACCORD AND SATISFACTION

23. All outstanding claims of debt from LG International (America) Inc. to David Chang and his related companies were satisfied and/or released on April 1, 2004.

## THIRD AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

24. Defendant's Counterclaim is barred by the applicable statute of limitations and should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE
## IMPROPER PARTY COUNTERCLAIM PLAINTIFF

25. Defendant's Counterclaim is invalid because defendant is an improper party

3

without the legal capacity to bring an action on the alleged assignment because the assignment of claims was invalid.

### FIFTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

26.     Defendant's Counterclaim fails to state a claim upon which relief can be granted.


WHEREFORE, Plaintiff and Counterclaim Defendant, David Chang, demands judgment dismissing the Counterclaim and granting summary judgment in the amount of $500,000, plus interest and for such other relief as to this Court seems just and proper.

Dated: New York, New York
September 12, 2006


LEVY, TOLMAN & COSTELLO, LLP
Attorneys for Plaintiff and Counterclaim
Defendant David Chang
630 Third Avenue
New York, NY 10017
212-949-8770

by _____
Robert J. Costello, Esq. (RC-8301)
A Member of the Firm

4

TO:   Robert P. Knapp III, Esq.
      MULHOLLAND & KNAPP LLP
      Attorneys for Defendant and Counterclaim
      Plaintiff CHARLES KOO
      641 Lexington Avenue, 20th Floor
      New York, NY  10022-4503
      (212) 702-9027

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Counterclaim was served and filed

electronically on September 12, 2006 in accordance with Local Civil Rule 5.2.

by: _____
     Robert J. Costello, Esq. (RC-8301)

5