UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAVID CHANG,                                           06 CV 4847 (SHS) (ECF CASE)

                              Plaintiff,

             -against-                                 **DECLARATION**

CHARLES KOO,

                              Defendant.
------------------------------------------------------------------X

        David Chang declares as follows pursuant to 28 U.S.C. § 1746:

        1.      I am the Plaintiff in the above action.

        2.      I make this declaration in support of my request for summary judgment and in
opposition to Charles Koo's purchased Counterclaim.

        3.      My original loan of $600,000 to Charles Koo, consisting of a series of
transactions, took place in New York City.

        4.      The agreement by Charles Koo to repay the $600,000 was reached in New York
City at the offices of his then lawyer Frank Wright, who represented Mr. Koo both in his criminal
case as well as in the settlement agreement with me (see Exhibit A), at 641 Lexington Avenue,
20th Floor, New York, New York.  Frank Wright is the landlord of and rents office space to Mr.
Koo's current counsel Mulholland & Knapp, LLP, yet Mr. Knapp finds it strange why we filed
this action in New York based on an agreement reached in his own office suite in New York.

        5.      Prior to filing this action, when I met with Mr. Koo to ask him to pay his
outstanding debt to me, he told me that because he could not get his green card as a collateral
consequence of his conviction which he blamed on me, he was not going to pay me.  Mr. Koo

1

said he would get a lawyer and he would "play with me" which I took to mean that he could avoid paying the debt for years.

6.     Consistent with what he said to me, Mr. Koo has sought to delay or avoid paying what he agreed to in New York City. Since Mr. Koo has no defense to his acknowledged agreement to pay me the $500,000 balance he owes me, he has desperately sought to find a counterclaim to try to offset his admitted obligation.

7.     According to Mr. Koo's own sworn statement and the assignment from LG International (America) Inc., Mr. Koo bought a claim from a New York public corporation (LG assignment) expressly for the purpose of using it as a set-off to my claim against him. The assignment took place on August 25, 2006 the Friday before Mr. Koo's response was directed by the Court on Monday, August 28, 2006. As Mr. Koo stated under oath at paragraph 34 "Since Mr. Chang now insists on pursuing me for $500,000 on the settlement letters, I am pursuing him on the $10,000,000 or more he still owes LGIAI, which has assigned its claims to me." Even though LG International Inc. was founded by Charles Koo's father and his brother is a current member of the Board of the parent corporation, this would be a strange transaction for a New York corporation to engage in because it would be a waste of corporate assets if the claim of $10,000,000 was legitimate, but it is not. It is noteworthy that the assignment does not specify what the claims are or their value and specifically does not guarantee any payment to the assignee. Finally the assignment has not been approved by the Board of Directors or the Shareholders.

8.     Charles Koo's Counterclaim should be rejected because the assignment is legally defective and worthless as I do not owe LG International (America) Inc. any money.

9.     In April 2004, I entered into a Property Transfer Agreement with LG International

2

(America), Inc. to resolve all financial issues between me and corporations owned by me and LG International (America) Inc. Mr. Koo refers to these same corporations as "Chang-related companies" and refers to them individually as Hudson Terrace Realty Management Corp., Nikko Enterprises, Inc., Bright and Bright Corporation ("B&B") and C & K Holding. (Koo Declaration, paragraph 7-13).

10.     On April 1, 2004 all the indebtedness of Hudson and the Chang related companies was forgiven. The documents were executed by Chester Cha, the Chief Financial Officer of LG International, (America) Inc. Discharges of mortgages in the amounts of $10,237,500 and $45,000,500 were filed with the Bergen County Clerk's Office where the property in question was located and Chester Cha, on behalf of LG International, (America) Inc. agreed to cancel the promissory notes of the Hudson Indebtedness. (See Exhibit B attached).

11.     The April 1, 2004 agreement provides in pertinent part:

> WHEREAS, LGIA has extended certain terms of credit to Hudson and certain entities affiliated with Hudson and LGIA has loaned money to Hudson or certain entities affiliated with Hudson (all such amounts of money loaned, the "Hudson Indebtedness"); and

> WHEREAS, in order to secure payment of the Hudson Indebtedness, Hudson has granted to LGIA a mortgage on the Property, such mortgage being evidenced by that certain Mortgage And Security Agreement, dated as of September 23, 1992 in the amount of $10,237,500 from Hudson to LGIA (the "1992 Mortgage"); and

> WHEREAS, in order to further secure payment of the Hudson Indebtedness, Hudson has granted to LGIA a further mortgage on the Property, such mortgage being evidenced by that certain Mortgage And Security Agreement, dated as of March 15, 1993 in the amount of $45,000,500 from Hudson to LGIA (the "1993 Mortgage", and, together with the 1992 Mortgage, the

3

"Mortgages"); and

WHEREAS, Hudson wishes to transfer, sell and convey all of its right, title and interest in and to the Property to LGIA in satisfaction of the Hudson Indebtedness and in consideration for release of the Mortgages; and

WHEREAS, LGIA is willing to accept all of Hudson's right, title and interest in and to the Property in satisfaction of the Hudson Indebtedness and in consideration for release of the Mortgages in accordance with the terms and conditions set forth in this Agreement;

NOW THEREFORE, ***

(a) Upon the signing of this Agreement and delivery of the deed for the Property, LGIA hereby forgives, without further action or condition, the entire sum of the Hudson Indebtedness. If Hudson Indebtedness is secured by any additional mortgages held by LGIA then such mortgages shall be discharged by LGIA.

12.    In addition because LG International (America) Inc. could not find the various

promissory notes:

LG International (America), Inc. ("LGIA") has extended certain terms of credit to Hudson Terrace Realty Management Corporation ("Hudson") and certain entities affiliated with Hudson and LGIA has loaned money to Hudson or certain entities affiliated with Hudson which indebtedness is secured by that certain Mortgage And Security Agreement, dated as of September 23, 1992 in the amount of $10,237,500 from Hudson to LGIA (the "1992 Mortgage") and by that certain Mortgage And Security Agreement, dated as of March 15, 1993 in the amount of $45,000,500 from Hudson to LGIA (the "1993 Mortgage", and, together with the 1992 Mortgage, the "Mortgages") (all such indebtedness secured by the Mortgages, the "Hudson Indebtedness"). The current whereabouts of the promissory notes (the "Notes") delivered by Hudson to LGIA evidencing the Hudson Indebtedness are unknown to LGIA. By separate agreement dated the date hereof, LGIA is forgiving the Hudson Indebtedness, and LGIA hereby agrees that the Notes shall be deemed cancelled as of the date

4

hereof. If at any time in the future the whereabouts of the Notes become known to LGIA, LGIA will mark then [sic] as "cancelled" and forward them to Hudson.

LG INTERNATIONAL (AMERICA), INC.

13.    On August 25, 2006, when Mr. Koo purchased his assignment in order to impose his Counterclaim he was either unaware of the April 2004 agreement, which renders his assignment worthless, or he ignored it or failed to perform due diligence. It is interesting to note that the 2004 papers, drafted by counsel for LG International, (America) Inc., contain a provision that the Agreement "will be governed by and construed in accordance with the laws of the State of New York . . ." and could not be assigned. Likewise the August 2006 purchased assignment states that LG International (America) Inc. is a New York corporation and the assignment shall be governed by New York Law.

14.    Conspicuous by its absence in Mr. Koo's nine page declaration is any defense to the application for summary judgment for the $500,000 he owes me. His sole claim is that "Even if Chang prevails on his claims under the settlement letters, that will only operate to reduce Chang's much greater liability to me on the Assigned Claims." (Koo Declaration ¶ 35).

15.    The settlement agreement our lawyers entered into in New York City acknowledged that Koo owed me $600,000 and set a repayment schedule. Mr. Koo further ratified that agreement by making the first $100,000 payment leaving a balance of $500,000. Thereafter Mr. Koo breached the agreement by failing to make any of the remaining payments. Having breached the agreement, the payment schedule is no longer applicable. All that remains is the acknowledgment of the remaining debt of $500,000 which is what I ask judgment for so I can then judicially collect the money that is owed me.

5

16.     Mr. Koo's actions are motivated by his bitterness toward me because of his inability to get a green card as a result of his criminal conviction. That is not an excuse to fail to honor his agreement to repay my loan to him. If Mr. Koo believes he has any claim against me he can file a lawsuit in New Jersey if that is his wish.

17.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       September 8, 2006

David Chang

6

# Exhibit A

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:00-cr-00353-AMW-1

Case title: USA v. KOO                                    Date Filed: 06/01/2000

---

Assigned to: Judge Alfred M. Wolin

### Defendant

**CHA-KUEK KOO** (1)                    represented by   **FRANK WRIGHT**
*TERMINATED: 04/15/2002*                                 WRIGHT & MANNING
*also known as*                                          641 LEXINGTON AVE.
CHARLES KOO                                              NEW YORK, NY 10022
                                                        *TERMINATED: 04/15/2002*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        Designation: Retained

### Pending Counts                                      ### Disposition

2:441f & 437g(d)(1)(A) & 18:2 ILLEGAL                    Prob 1 yr w/spec cond; Fine $5000; Apec
CAMPAIGN CONTRIBUTIONS (dof 09/95                        asses $25
thru 01/97)
(1)

### Highest Offense Level (Opening)
Misdemeanor

### Terminated Counts                                    ### Disposition
None

### Highest Offense Level (Terminated)
None

### Complaints                                           ### Disposition
None

---

### Plaintiff

**USA**                                 represented by   **ANDREW J. CERESNEY**
                                                        U.S. ATTORNEY'S OFFICE

SOUTHERN DIST. OF NEW YORK
ONE ST. ANDREWS PLACE
NEW YORK, NY 10007
212-637-2204
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NOEL LAWRENCE HILLMAN**
OFFICE OF US ATTORNEY
970 BROAD STREET
NEWARK, NJ 07102
(973) 645-2904
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2000 | 1 | INFORMATION as to CHA-KUEK KOO (1) count(s) 1 (th) Additional attachment(s) added on 6/14/2005 (ev, ). (Entered: 06/06/2000) |
| 06/01/2000 | 2 | Minutes of 6/1/00 before Judge Alfred M. Wolin as to CHA-KUEK KOO, Initial Appearance held. (Defendant informed of rights.) , Guilty: CHA-KUEK KOO (1) count (s) 1 , Bond set to $500,000. PR for CHA-KUEK KOO. , Sentencing for 9:30 9/7/00 for CHA-KUEK KOO (Court Reporter/ESR: C.McGuire) (th) (Entered: 06/06/2000) |
| 06/01/2000 | 3 | Rule 11 APPLICATION by CHA-KUEK KOO (th) (Entered: 06/06/2000) |
| 06/01/2000 | 4 | Plea Agreement as to CHA-KUEK KOO (th) (Entered: 06/06/2000) |
| 06/01/2000 | 5 | ORDER as to CHA-KUEK KOO, for Release from Custody ( Signed by Judge Alfred M. Wolin ) (th) (Entered: 06/06/2000) |
| 06/01/2000 | | BAIL/BOND executed by CHA-KUEK KOO in Amount $ 500,000. Pr (th) (Entered: 06/06/2000) |
| 04/19/2001 | 6 | ORDER as to CHA-KUEK KOO, for Return of Property, passport, - Pretrial ( Signed by Judge Alfred M. Wolin ) (jn) (Entered: 04/20/2001) |
| 05/17/2001 | 7 | CONSENT ORDER RELEASING PASSPORT as to CHA-KUEK KOO ( Signed by Judge Alfred M. Wolin (it) (Entered: 05/17/2001) |
| 10/22/2001 | 8 | CONSENT ORDER RELEASING PASSPORT as to CHA-KUEK KOO ( Signed by Judge Alfred M. Wolin (it) (Entered: 10/29/2001) |
| 12/21/2001 | 9 | CONSENT ORDER RELEASING PASSPORT as to CHA-KUEK KOO granting [6-2] relief, said passport to be returned to PTS upon deft's return to the U.S. ( Signed by Judge Alfred M. Wolin ) (it) (Entered: 01/04/2002) |
| 02/14/2002 | 10 | CONSENT ORDER RELEASING PASSPORT as to CHA-KUEK KOO, permission to Travel to Seoul Korea for business purposes, etc. ( Signed by Judge Alfred M. Wolin ) (it) (Entered: 02/14/2002) |
| 04/15/2002 | 11 | Minutes of 4/15/02 before Judge Alfred M. Wolin as to CHA-KUEK KOO, Hrg on |

| | | |
|---|---|---|
| | | gov'ts application for downward departure: GRANTED. Sentencing held ct 1 of the info Prob 1 yr w/spec cond; Fine $5000.; Spec Asses $25. (Court Reporter/ESR: Jacqueline Kashmer) (mh) Modified on 04/17/2002 Additional attachment(s) added on 6/14/2005 (ev, ). (Entered: 04/17/2002) |
| 04/16/2002 | 12 | JUDGMENT CHA-KUEK KOO ct 1 of the info. Prob 1 yr w/spec cond; Fine $5000; Apec asses $25 (signed by Judge Alfred M. Wolin ) N/M (mh) Modified on 04/17/2002 Additional attachment(s) added on 6/14/2005 (ev, ). (Entered: 04/17/2002) |
| 04/23/2002 | 13 | ORDER Releasing passport. (Signed by Judge Alfred M. Wolin)(NM) (mh) Additional attachment(s) added on 6/14/2005 (ev, ). (Entered: 04/23/2002) |
| 05/23/2002 | 14 | TRANSCRIPT filed as to CHA-KUEK KOO for dates of 4/15/02 (jn) (Entered: 05/23/2002) |
| 06/14/2002 | 15 | SATISFACTION OF JUDGMENT as to CHA-KUEK KOO (it) Additional attachment (s) added on 6/14/2005 (ev, ). (Entered: 06/17/2002) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/06/2006 17:03:05 | | |
| PACER Login: | lt0583 | Client Code: | ltc |
| Description: | Docket Report | Search Criteria: | 2:00-cr-00353-AMW Start date: 1/1/1970 End date: 9/6/2006 |
| Billable Pages: | 2 | Cost: | 0.16 |

#11

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FILED**

APR 1 5 2002

MINUTES OF PROCEEDINGS

Newark

AT 8:30
Date: 04/15/0 WILLIAM T. WALSH
CLERK

**JUDGE ALFRED M. WOLIN**

Ret. Date:

Deputy Clerk: Gail A. Hansen

Motion Filed:

Court Reporter: Jacqueline Kashmer

Other:

Docket #:Cr. 00-353-01


TITLE OF CASE:
United States
v. Cha-Kuek Koo a/k/a Charles Koo


Appearances:

SAUSA Geroge Canellos & Andrew Ceresney
Frank Wright, Esq., for deft.

NATURE OF PROCEEDINGS: SENTENCING

Hrg on gov't's 5K1.1 application. Application granted
Probation: 1 year
Special Condition:
1. Cooperate with INS
Fine: $5,000
Special Assessment: $25

(Ordered passport to be returned; order to be submitted)


Time Commenced:12:00 p.m.
Time Adjourned:12:15 p.m.

GAIL A. HANSEN,
DEPUTY CLERK

# Exhibit B

# REAL PROPERTY TRANSFER AGREEMENT

THIS REAL PROPERTY TRANSFER AGREEMENT is made as of this 1st day of April, 2004, by and between Hudson Terrace Realty Management Corporation, a New Jersey corporation with offices at 3 Nikko Building, 464 Hudson Terrace, Englewood Cliffs, New Jersey 07632 ("Hudson") and LG International (America), Inc. (formerly known as Lucky-Goldstar Int'l (America), Inc.), a New York corporation with offices at 17777 Center Court Drive, Suite 600, Cerritos, California 90703 ("LGIA").

WHEREAS, Hudson is the owner in fee title of certain property, namely the premises identified as Lots 13, 14, 15 and 20 in Block 6101 on the 1992 Tax Assessment Map of the Borough of Fort Lee, Bergen County, New Jersey and commonly known as 173 Bridge Plaza North, Fort Lee, New Jersey (the "Property"), and

WHEREAS, LGIA has extended certain terms of credit to Hudson and certain entities affiliated with Hudson and LGIA has loaned money to Hudson or certain entities affiliated with Hudson (all such amounts of money loaned, the "Hudson Indebtedness"); and

WHEREAS, in order to secure payment of the Hudson Indebtedness, Hudson has granted to LGIA a mortgage on the Property, such mortgage being evidenced by that certain Mortgage And Security Agreement, dated as of September 23, 1992 in the amount of $10,237,500 from Hudson to LGIA (the "1992 Mortgage"); and

WHEREAS, in order to further secure payment of the Hudson Indebtedness, Hudson has granted to LGIA a further mortgage on the Property, such mortgage being evidenced by that certain Mortgage And Security Agreement, dated as of March 15, 1993 in the amount of $45,000,500 from Hudson to LGIA (the "1993 Mortgage", and, together with the 1992 Mortgage, the "Mortgages"); and

WHEREAS, Hudson wishes to transfer, sell and convey all of its right, title and interest in and to the Property to LGIA in satisfaction of the Hudson Indebtedness and in consideration for release of the Mortgages; and

WHEREAS, LGIA is willing to accept all of Hudson's right, title and interest in and to the Property in satisfaction of the Hudson Indebtedness and in consideration for release of the Mortgages in accordance with the terms and conditions set forth in this Agreement;

NOW THEREFORE, in consideration of the sum of One ($1.00) Dollar, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

Section 1.    Payment of Purchase Consideration. Hudson and LGIA agree that the purchase consideration for the Property shall be SEVEN MILLION FIVE HUNDRED THOUSAND ($7,500,000) DOLLARS. Upon further sale or disposition of the Property by LGIA (the consummation of such sale or disposition being hereinafter referred to as the "Property Closing"), LGIA will distribute or cause to be distributed the proceeds of such sale or disposition in accordance with the terms hereof and in accordance with the terms of the Property Proceeds Disbursement Agreement (as defined below). The purchase consideration for the Property shall be payable as follows:

(a) Upon the signing of this Agreement and delivery of the deed for the Property, LGIA hereby forgives, without further action or condition, the entire sum of the Hudson Indebtedness. If the Hudson Indebtedness is secured by any additional mortgages held by LGIA then such mortgages shall be discharged by LGIA.

(b) Simultaneously with the signing of this Agreement and prior to the recording the deed for the Property, LGIA shall provide for the release of the Mortgages, in the forms attached hereto.

(c) Simultaneously with the signing of this Agreement, LGIA and Hudson shall enter into a mutually acceptable agreement providing for the distribution of any proceeds from the sale or other disposition of the Property (the "Property Proceeds Disbursement Agreement").

(d) Simultaneously with the signing of this Agreement, Hudson shall deliver good, marketable and insurable title to the Property to LGIA by delivery of an appropriately executed Bargain and Sale Deed.

(e) Hudson and LGIA shall cooperate in good faith to take any and all further actions and make any and all filings necessary to perfect in the local and State real estate records of the State of New Jersey such transfer of title in and to the Property. All recording expenses of the deed and discharge of the Mortgages, including the realty transfer fee, shall be borne by LGIA.

Section 2.    Representations. Except as otherwise specifically set forth herein, this Agreement is entered into without any representations made by Hudson as to the permissible use, value, character, quality or condition of the Property.  Except as otherwise specifically set forth herein, Hudson makes no representations as to the Property's compliance with any applicable statutes, laws, ordinances, codes, rules, regulations, requirements or tariffs, if any, of any municipal, county, state or federal department, administration, agency, commission or bureau, authority or governmental entity (collectively, "Governmental Regulations").

(a) Hudson represents that it has received no notice of the Property being in violation of any Governmental Regulations.

2

(b) LGIA and Hudson each acknowledge that the Borough of Fort Lee has commenced certain actions pursuant to New Jersey Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1, et seq., to determine whether the Property constitutes an area in need of redevelopment, and has adopted a redevelopment plan pursuant to which the Property is to be sold to a redeveloper (the "Redevelopment Action"). LGIA and Hudson further acknowledge that the Borough of Fort Lee, by letter dated February 27, 2004, has submitted an Offer to Acquire the Property to Hudson pursuant to the Redevelopment Action. LGIA agrees that it will accept Hudson's Deed and take title to the Property with such title as Hudson may transfer in light of the Redevelopment Action. LGIA and Hudson agree to cooperate in good faith from and after the date of this Agreement in order to maximize the value of the Property through the disposition thereof, whether such disposition is pursuant to the Redevelopment Action or otherwise.

(c) Hudson represents that it has received a letter of Non-Applicability, dated January 22, 2004 (the "NA Letter"), from the New Jersey Department of Environmental Protection ("NJDOP") indicating that the Industrial Site Recovery Act is not applicable to the Property. Hudson represents that the information furnished to the NJDOP in order to receive the NA Letter was true, accurate and complete when given and continues to be true, accurate and complete as of the date hereof. Hudson represents that the NA Letter is still in full force and effect as of the date hereof.

(d) Hudson represents that it has entered into a Contract, dated as of November 6, 2003, for the sale of the Property to AAB, LLC (the "AAB Contract"). Hudson further represents that the sale of the Property has not closed under the AAB Contract and that the AAB Contract has been rendered void and of no further effect by the parties to such agreement.

Section 3.    Conveyance of Title.

(a) Title to the Property conveyed hereby shall be good, marketable and insurable by a reputable title insurance company licensed to do business in the State of New Jersey, at regular rates, and subject to the following:

(i) The rights of utility companies to maintain pipes, poles, cables and wires over, on or under the street, the part of the Property next to the street or running to any improvements;

(ii) Recorded agreements which limit the use of the Property provided the same does not interfere with the current use of the Property or cause reversion, if violated;

(iii) Zoning ordinances of the municipality having jurisdiction over the Property;

(iv) The Redevelopment Action; and

(v) Such additional state of facts which any accurate survey will show.

3

(b) Hudson represents that the title issues raised in Schedule B, Section 1, Items 9.1, 9.2 and 9.3 in Title Commitment #71014, dated December 15, 2003, issued by Vested Title, Inc. as agent for Chicago Title Insurance Company, and any amendments thereto have been satisfied prior to the date hereof to the satisfaction of Vested Title, Inc.

Section 4.        Restriction on Development. LGIA agrees that the Property will not be developed as a hotel, motel, or in any other such manner that would accommodate the transient occupancy of guests. The provisions of this Paragraph shall survive this Agreement and be incorporated in the Deed to be delivered to LGIA herewith as a covenant running with the Land which shall be binding on all subsequent owners of the Property.

Section 5.        Brokerage Commissions. LGIA represents and warrants that it has not dealt with any broker in connection with the transfer of title to the Property. LGIA will indemnify and hold harmless Hudson from and against any and all claims, loss, liability, cost and expense (including reasonable attorney's fees) resulting from any claim that may be made against Hudson by any broker or other person claiming a commission, fee, or other compensation by reason of this transaction, if the same shall arise by or on account of any act of LGIA or LGIA's representatives. Hudson represents and warrants that it has not dealt with any broker in connection with the transfer of title to the Property. Hudson will indemnify and hold harmless LGIA from and against any and all claims, loss, liability, cost and expense (including reasonable attorney's fees) resulting from any claim that may be made against LGIA by any broker or other person claiming a commission, fee, or other compensation by reason of this transaction, if the same shall arise by or on account of any act of Hudson or Hudson's representatives.

Section 6.        Adjustments and Assessments. LGIA shall pay (i) any sums necessary to obtain the discharge of the tax lien presently on the Property, (ii) any realty transfer fees in connection with the transfer of title of the Property, and (iii) all assessments for public improvements which have been physically completed as of the date hereof.

Section 7.        Notices. All notice, demands, or requests required or desired to be given hereunder shall be given in writing and sent by either registered or certified mail, return receipt requested, confirmed telecopier transmission, or overnight mail, addressed to the parties hereto at their addresses set forth herein or such other addresses as they may designate by written notice, as follows:

(a) To Hudson -
        Hudson Terrace Realty Management Company
        Robert Costello, Esq.
        Levy, Tolman & Costello, LLP
        630 Third Avenue
        New York, New York 10017
        (212) 949-8770 (telephone)
        (212) 661-9491 (telecopier)

4

with a copy to:

Frank W. Jablonski, Esq.
Gillespie, Gillespie & Jablonski
492 Kearny Avenue
Kearny, New Jersey 07032
(201) 991-0740 (telephone)
(201) 991-0246 (telecopier)

(b) To LGIA –
LG International (America), Inc.
17777 Center Court Drive
Suite 600
Cerritos, CA 90703
Attention: Mr. Chester Cha
(562) 653-8000 (telephone)
(562) 653-8041 (telecopier)

With a copy to:

Sean S. Macpherson, Esq.
Macpherson Counsel LLP
168 Sunset Hill Road
Redding, CT 06896
(203) 938-4778 (telephone)
(203) 286-1289 (telecopier)

Section 8.      <u>Deliveries Herewith</u>.

(a) Simultaneously with the execution hereof, Hudson shall deliver to LGIA the following:

(i) A Bargain and Sale Deed with Covenant against Grantor's Acts duly executed and acknowledged by Hudson in proper form for recording conveying the Property;

(ii) An affidavit of title in the usual form;

(iii) A FIRPA affidavit confirming that Hudson is not a foreign person pursuant to the Internal Revenue Code;

(iv) Form 1099 information;

(v) The NA Letter;

5

(vi) The Property Proceeds Disbursement Agreement, duly executed by Hudson; and

(vii) Any other document reasonably requested by LGIA's title company.

(b) Simultaneously with the execution hereof, LGIA shall deliver to Hudson the Property Proceeds Disbursement Agreement, duly executed by LGIA.

Section 9.    Hudson's Representations and Warranties. Hudson represents and warrants to LGIA, knowing that LGIA shall rely thereon in consummating this transaction as follows:

(a) Hudson has the requisite power and authority to enter into this Agreement and to execute and deliver Hudson's closing documents which will not conflict with or result in a violation of any judgment, order or decree of any court or arbiter to which Hudson is a party, and this Agreement and Hudson's closing documents are valid and binding obligations of Hudson and enforceable in accordance with their terms.

(b) Hudson is not a "foreign person", a "foreign partnership", a "foreign trust", or a "foreign estate" as those terms are defined in Section 1445 of the Internal Revenue Code.

(c) Other than the Redevelopment Action and the contemplated condemnation proceeding involving the Property, there is no action, litigation, investigation, condemnation or proceeding of any kind pending, or, to the best of Hudson's knowledge, threatened against Hudson, or any portion of the Property or any principals of Hudson which could impact the Property or Hudson's ability to perform under this Agreement.

(d) Other than the AAB Contract, there are no contracts or agreements affecting the Property.

(e) Other than as described herein, there are no contracts or agreements affecting the Property, and there are no warranties affecting the Property.

(f) The execution and delivery of this Agreement by Hudson and the performance of all the terms, conditions and covenants set forth herein are neither prohibited by, nor constitute, nor after the passage of time or the taking of certain action would constitute, the breach or violation of or default under any agreement or other instrument to which Hudson is a party or by which Hudson is bound.

(g) Hudson is solvent as of the date hereof.

(h) From the date hereof, Hudson shall not take any action or omit to take any action, which action or omission would have the effect of violating any of the representations and warranties of Hudson contained in this Agreement.

6

(i) Hudson has received no notice and has no knowledge of any pending improvements, liens, special assessments or special ad valorem taxes or valuations to be made against the Property by any governmental authority. All real estate taxes and installments of special assessments which shall become due through the date hereof shall be paid by LGIA in accordance with the terms hereof and the terms of the Property Proceeds Disbursement Agreement. .

Section 10.    Hudson's Indemnity. Hudson shall indemnify, defend and hold harmless LGIA, and its officers, directors, employees, agents, servants and attorneys (collectively the "Indemnified Persons") from and against any and all losses, claims, damages or liabilities, joint or several, as incurred, to which they or any of them may become subject and shall reimburse each Indemnified Person, as incurred, for any legal or other expense (including reasonable attorneys' fees) incurred by them in connection with investigating any such losses, claims, damages or liabilities or in connection with defending or settling any actions, insofar as such losses, claims, damages, liabilities, expenses or actions arise out of or are based upon (i) Hudson's breach of this Agreement, including without limitation any misrepresentation or breach of warranty, or (ii) the AAB Contract.

Section 11.    Execution. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

Section 12.    Assignment of Agreement. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns, provided, however, that neither this Agreement, nor any rights hereunder, shall be assigned by either party without the prior written consent of the other, which shall have the absolute right to refuse its consent thereto for any reason.

Section 13.    Governing Law. This Agreement will be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflict of laws.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by an authorized signatory as of the date first written above.

HUDSON TERRACE REALTY MANAGEMENT CORPORATION

By: _David Cohny_

Name:

Title:

LG INTERNATIONAL (AMERICA), INC.

By: _Chester Cha_

Name: CHESTER CHA

Title: CFO

## PROPERTY PROCEEDS DISBURSEMENT AGREEMENT

THIS PROPERTY PROCEEDS DISBURSEMENT AGREEMENT is made as of this 1st day of April, 2004, by and between Hudson Terrace Realty Management Corporation, a New Jersey corporation with offices at 3 Nikko Building, 464 Hudson Terrace, Englewood Cliffs, New Jersey 07632 ("Hudson") and LG International (America), Inc. (formerly known as Lucky-Goldstar Int'l (America), Inc.), a New York corporation with offices at 17777 Center Court Drive, Suite 600, Cerritos, California 90703 ("LGIA").

WHEREAS, Hudson is the owner in fee title of certain property, namely the premises identified as Lots 13, 14, 15 and 20 in Block 6101 on the 1992 Tax Assessment Map of the Borough of Fort Lee, Bergen County, New Jersey and commonly known as 173 Bridge Plaza North, Fort Lee, New Jersey (the "Property"), and

WHEREAS, LGIA has extended certain terms of credit to Hudson and certain entities affiliated with Hudson and LGIA has loaned money to Hudson or certain entities affiliated with Hudson (all such amounts of money loaned, the "Hudson Indebtedness"); and

WHEREAS, in order to secure payment of the Hudson Indebtedness, Hudson has granted to LGIA a mortgage on the Property, such mortgage being evidenced by that certain Mortgage And Security Agreement, dated as of September 23, 1992 in the amount of $10,237,500 from Hudson to LGIA (the "1992 Mortgage"); and

WHEREAS, in order to further secure payment of the Hudson Indebtedness, Hudson has granted to LGIA a further mortgage on the Property, such mortgage being evidenced by that certain Mortgage And Security Agreement, dated as of March 15, 1993 in the amount of $45,000,500 from Hudson to LGIA (the "1993 Mortgage", and, together with the 1992 Mortgage, the "Mortgages"); and

WHEREAS, Hudson, pursuant to the terms of a Real Property Transfer Agreement, dated the date hereof (the "Transfer Agreement"), is transferring, selling and conveying all of its right, title and interest in and to the Property to LGIA in satisfaction of the Hudson Indebtedness and in consideration for release of the Mortgages; and

WHEREAS, Hudson and LGIA wish to set forth in this Agreement their mutual understanding as to how any proceeds eventually derived from the disposition of the Property will be disbursed;

NOW THEREFORE, in consideration of the sum of One ($1.00) Dollar, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

(a) Hudson and LGIA have agreed that LGIA use its best efforts to dispose of the Property (the "Property Disposition") for the maximum amount commercially possible

under the present circumstances. The parties agree that this best efforts basis on the part of LGIA is not a guarantee by LGIA of the eventual proceeds to be received from the Property Disposition. Notwithstanding the foregoing, LGIA retains the right to compromise the purchase price in condemnation or like proceedings in its sole discretion upon the recommendation of its counsel that such compromised amount represents a fair and reasonable amount in view of the appraisal reports presented, and the risks, contingencies, delay and costs associated with further litigation.

(b) Upon consummation of the Property Disposition, in accordance with the terms hereof, the proceeds from the Property Disposition will be (i) held in escrow by the property buyer pending Resolution of the Redevelopment Action (as defined in the "Transfer Agreement") (such escrowed funds, the "Reserved Funds"), or (ii) otherwise disbursed upon Resolution of the Redevelopment Action disbursed as follows (such disbursed funds, collectively with the Reserved Funds, the "Funds"). Upon Resolution of the Redevelopment Action, the Funds shall be paid in the following amounts and order of payment:

(i) FIRST, an amount of the Funds equal to TWO MILLION SIX HUNDRED THIRTEEN THOUSAND TWO HUNDRED ($2,613,200.00) DOLLARS shall be paid in immediately available funds into a bank account specified by LGIA; and

(ii) SECOND, to the extent that Funds remain after payment of the amount in FIRST above, any remaining amounts shall be paid as follows:

1) Any real estate transfer fee in connection with the Property shall be reimbursed to LGIA; and
2) Any amount for legal and other costs incurred on or after April 1, 2004 in transferring title to the Property from Hudson to LGIA and in reaching a Resolution of the Redevelopment Action shall be paid or reimbursed to LGIA; and
3) Any brokerage commission in connection with the Property Disposition shall be paid; and

(iii) THIRD, to the extent that Funds remain after payment of amounts in FIRST and SECOND above, any remaining amounts shall be paid as follows:

1) An amount shall be reimbursed to LGIA for payment of outstanding real estate taxes due on the Property as of April 1, 2004; and
2) $181,400.00 shall be paid to Caffaso Associates, Inc. as reimbursement for real estate taxes previously paid; and
3) $517,000.000 shall be paid to Caffaso Associates, Inc. for construction, renovation and maintenance costs associated with the Property; and
4) $74,900.00 shall be paid to David L. Wecht, Esq. for legal fees owed with respect to the Property; and

2

    5) $32,000.00 shall be paid to Frank Jablonski, Esq. and Robert Costello, Esq. for closing fees associated with the Property; and

    6) $75,000 shall be paid to Caffaso Associates, Inc. as reimbursement for costs incurred in settling Property environmental matters with the New Jersey Department of Environmental Protection; and

    (iv) FOURTH, to the extent that funds remain of the Funds after payment of amounts in FIRST, SECOND and THIRD above, an amount up to TWO HUNDRED THOUSAND ($200,000) DOLLARS shall be paid to Mr. David Chang; and

    (v) FIFTH, to the extent that funds remain of the Funds after payment of amounts in FIRST, SECOND, THIRD and FOURTH above such remaining funds shall be paid 60% to LGIA and 40% to Mr. David Chang.

    For the purposes of this Agreement, "Resolution" of the Redevelopment Action shall mean the first to occur of the following: (i) a written settlement with the Borough of Fort Lee, New Jersey and all interested parties agreeing on a valuation of the Property and allowing for the Property Disposition, or (ii) a final, non-appeallable decision of a state or federal court or other commission having jurisdiction over the matter which decision determines a value for the Property under the Redevelopment Action.

    (c) This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

    (d) This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns, provided, however, that neither this Agreement, nor any rights hereunder, shall be assigned by either party without the prior written consent of the other, which shall have the absolute right to refuse its consent thereto for any reason.

    (e) This Agreement will be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflict of laws.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by an authorized signatory as of the date first written above.

HUDSON TERRACE REALTY MANAGEMENT CORPORATION

By: _____

Name:

Title:

LG INTERNATIONAL (AMERICA), INC.

By: _____

Name: CHESTER CHA

Title: CFO

4

LG International (America), Inc.
17777 Center Court Drive
Suite 600
Cerritos, CA 90703

April 1, 2004

TO WHOM IT MAY CONCERN:

LG International (America), Inc. ("LGIA") has extended certain terms of credit to Hudson Terrace Realty Management Corporation ("Hudson") and certain entities affiliated with Hudson and LGIA has loaned money to Hudson or certain entities affiliated with Hudson which indebtedness is secured by that certain Mortgage And Security Agreement, dated as of September 23, 1992 in the amount of $10,237,500 from Hudson to LGIA (the "1992 Mortgage") and by that certain Mortgage And Security Agreement, dated as of March 15, 1993 in the amount of $45,000,500 from Hudson to LGIA (the "1993 Mortgage", and, together with the 1992 Mortgage, the "Mortgages") (all such indebtedness secured by the Mortgages, the "Hudson Indebtedness"). The current whereabouts of the promissory notes (the "Notes") delivered by Hudson to LGIA evidencing the Hudson Indebtedness are unknown to LGIA. By separate agreement dated the date hereof, LGIA is forgiving the Hudson Indebtedness, and LGIA hereby agrees that the Notes shall be deemed cancelled as of the date hereof. If at any time in the future the whereabouts of the Notes become known to LGIA, LGIA will mark then as "cancelled" and forward them to Hudson.

LG INTERNATIONAL (AMERICA), INC.

By: Chester Chu

# Discharge of Mortgage

A certain Mortgage dated  September 23, 1992          , was made by
HUDSON TERRACE REALTY MANAGEMENT CORPORATION

to
LUCKY-GOLDSTAR INT'L (AMERICA) INC. now known as LG INTERNATIONAL (AMERICA), INC.

This Mortgage was made to secure payment of $ 10,237,500.00          and interest. It was recorded
or registered in the office of the county recording officer of  BERGEN          County,
New Jersey, on  September 30, 1992          , in Mortgage Book  8291          on Page  93

1. This Mortgage has been PAID IN FULL or otherwise SATISFIED and DISCHARGED.  It may now be
discharged of record. This means that this Mortgage is now canceled and void.

2. I sign and CERTIFY to this Discharge of Mortgage on January  30  2004
                        LG INTERNATIONAL (AMERICA), INC.

Witnessed or Attested by:

                               _Chester Cha_____ (Seal)
                                By:  Chester Cha, Treasurer

                                _____ (Seal)

STATE OF NEW JERSEY, COUNTY OF          SS.:
I CERTIFY that on

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument; and,
(b) executed this instrument as his or her own act.

                                (Print name and title below signature)

STATE OF CALIFORNIA COUNTY OF          SS.:
I CERTIFY that on January  30  2004
Chester Cha

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as  Treasurer

of  LG INTERNATIONAL (AMERICA), INC.          the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

RECORD AND RETURN TO:
~~Schepisi & McLaughlin, PA~~
~~473 Sylvan Avenue~~
~~Englewood Cliffs, New Jersey 07632-1313~~

LAW OFFICES
~~GILLESPIE, GILLESPIE & JABLONSKI~~
492 Kearny Avenue
P. O. Box 453
Kearny, New Jersey 07032

                     _Sang Ok Lee_____
                     (Print name and title below signature)
                     SANG OK LEE    NOTARY PUBLIC
                     A Notary Public of California



SANG OK LEE
Commission # 1373494
Notary Public - California
Los Angeles County
My Comm. Expires Sep 7, 2006

(For Recorder's Use Only)

57054        Satisfaction of Mortgage
Kathleen A. Donovan  Recording Fee 40.00
Bergen County Clerk
Recorded 04/02/2004 08:54

2210 - Discharge of Mortgage
Ind. or Corp.
Plain Language 0586

BK 0639 PG 687

© 1995 by ALL-STATE Legal, a Division of
ALL-STATE® International, Inc.
(908) 272-0800

END OF DOCUMENT

# Discharge of Mortgage

A certain Mortgage dated  March 15, 1993                    , was made by
HUDSON TERRACE REALTY MANAGEMENT CORPORATION

to
LUCKY-GOLDSTAR INT'L (AMERICA) INC. now known as LG INTERNATIONAL (AMERICA), INC.

This Mortgage was made to secure payment of $ 45,000,000.00                    and interest.  It was recorded
or registered in the office of the county recording officer of   BERGEN                              County,
New Jersey, on  March 26, 1993            , in Mortgage Book  8420            on Page   746

1.  This Mortgage has been PAID IN FULL or otherwise SATISFIED and DISCHARGED.  It may now be
discharged of record. This means that this Mortgage is now canceled and void.

2.  I sign and CERTIFY to this Discharge of Mortgage on  January  30  2004
                                   LG INTERNATIONAL (AMERICA), INC.


Witnessed or Attested by:                    _Chester Chu_____(Seal)
                                            By:  Chester Cha, Treasurer

          _Dodd Coll_                        _____(Seal)


STATE OF NEW JERSEY, COUNTY OF                              SS.:
I CERTIFY that on


personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument; and,
(b) executed this instrument as his or her own act.


                                            _____
                                            (Print name and title below signature)


STATE OF CALIFORNIA COUNTY OF                              SS.:
I CERTIFY that on January  30  2004
Chester Cha

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as  Treasurer

of  LG INTERNATIONAL (AMERICA), INC.          the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

+-------------------------------------+    _Sangok Yee_____
| RECORD AND RETURN TO:               |    (Print name and title below signature)
| Schepisi & McLaughlin, PA           |    SANG OK LEE       NOTARY PUBLIC
| 475 Sylvan Avenue                   |    A Notary Public of California
| Englewood Cliffs, New Jersey 07632-1313 |
|                                     |
|           LAW OFFICES               |
|  GILLESPIE, GILLESPIE & JABLONSKI   |
|       492 Kearny Avenue             |
|        P. O. Box 453                |
|     Kearny, New Jersey 07032        |
+-------------------------------------+



SANG OK LEE
Commission # 1373494
Notary Public - California
Los Angeles County
My Comm. Expires Sep 7, 2006

(For Recorder's Use Only)

57064.01    Satisfaction of Mortgage
Kathleen A. Donovan  Recording Fee 40.50
Bergen County Clerk
Recorded 04/02/2004 08:55

2210 - Discharge of Mortgage
Ind. or Corp.
Plain Language 0596                BK 0 6 3 9 PG 6 8 8           ©1995 by ALL-STATE Legal, a Division of
                                                              ALL-STATE® International, Inc.
                                                              (800) 272-0800

END OF DOCUMENT

TO:   Robert P. Knapp III, Esq.
      MULHOLLAND & KNAPP LLP
      Attorneys for Defendant and Counterclaim
      Plaintiff CHARLES KOO
      641 Lexington Avenue, 20th Floor
      New York, NY 10022-4503
      (212) 702-9027

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Declaration was served and filed electronically on

September 12, 2006 in accordance with Local Civil Rule 5.2.

by: _____
    Robert J. Costello, Esq. (RC-8301)