| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>DAVID CHANG,<br><br>                                Plaintiff and Counterclaim<br>                                Defendant<br><br>                -against-<br><br>CHARLES KOO,<br><br>                                Defendant and Counterclaim<br>                                Plaintiff<br>-------------------------------------------------------------------X | Case No. 06 CV 4847 (SHS)<br>(ECF CASE)<br><br>**REPLY DECLARATION IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO TRANSFER AND FOR A CONTINUANCE** |

       **CHA KEUK KOO**, sued herein as Charles Koo, declares as follows pursuant to 28 U.S.C. § 1746:

       1.     I am the Defendant and Counterclaim Plaintiff in the above-captioned action. This Reply Declaration is based on my personal knowledge and also on the documentary evidence appended to the accompanying Declaration of my attorney, Robert P. Knapp III.

       2.     I make this Declaration in reply to the September 8, 2006 Declaration of plaintiff David Chang and in reply to Chang's accompanying Memorandum of Law. (D.E. 17, 18.) I also make this Declaration in further support of my August 28, 2006 motion (D.E. 11) to transfer the action to the United States District Court for the District of New Jersey, and my motion for a continuance to pursue discovery, in the event the Court does not deny plaintiff's summary judgment motion outright.

### Defendant Is Entitled to Discovery Prior to Entry of Summary Judgment

       3.     Chang's September 8, 2006 Declaration simply points up the numerous contested issues of fact in this case, which preclude the entry of summary judgment and underline the need for discovery.

4. The conversation Chang describes in paragraph 5 of his Declaration never took place in real life, but has been invented by Chang. Prior to commencement of this action, Chang never requested payment of my supposed debt to him at all. Prior to commencement of this action, the only communication I received was an e-mail from Chang's attorney, Robert J. Costello, Esq.

5. Contrary to Chang's assertion (D.E. 17, ¶7) the assignment to me by LG International (America), Inc. ("LGIAI.") of its claims against Chang did not require board or shareholder approval because those claims did not constitute "all or substantially all of the assets of the corporation." (New York Business Corporation Law, §909.) Attached as Exhibit K to the accompanying Knapp Reply Declaration is LGIAI's balance sheet as of December 31, 2006, showing assets of some $117,581,333. On information and belief, by the time of the assignment to me, LGIAI had "written off" most or all of Chang's indebtedness as uncollectible, and no longer carried it as an asset for accounting purposes, even though such indebtedness was still valid and enforceable from a legal point of view.

6. As set forth at length in the accompanying Reply Memorandum of Law, the release of liability contemplated by the April 1, 2004 Real Property Transfer Agreement and related documents (D.E. 17, Exb. B) never occurred because as of the date of that Agreement, Hudson Terrace Realty Management Corporation ("HTRM") no longer owned the property that it purported to convey. (*See* Knapp Reply Declaration Exb. I at 24.) The release of liability was only to be granted in consideration for HTRM's delivery of "good, marketable and insurable title to the Property to LGIA" (Real Property Transfer Agreement at 2, §1(d)).

7. In fact HTRM did not pass any title at all, because the Borough of Fort Lee had taken title to the same property by condemnation two days before. Inasmuch as LGIAI never

received the agreed consideration for its release of the "Hudson Indebtedness," that release never took effect.

8. Moreover, contrary to Chang's implication, the "Hudson Indebtedness" as referred to in the Real Property Transfer Agreement did not comprise all of Chang's indebtedness to LGIAI. As of September 29, 1997, the Chang-related Companies acknowledged total indebtedness to LGIAI of some $82,893,748.31, of which the "Hudson Indebtedness" constituted only some $55,237,500.00. (*See* Exb. J to Knapp Reply Declaration.) On September 29, 1998, Chang signed a Personal Guaranty in favor of LGIAI acknowledging and personally guaranteeing a balance due on the total indebtedness of $42,520,898.60. By reaffirmation signed December 23, 1999 and by letter signed June 30, 2000, Chang acknowledged a personal debt to LGIAI of $49,191,000.00. (Exhibits A and B to D.E. 12, my 8/28/2006 Declaration.) The "Hudson Indebtedness" comprised only part of this balance.

9. Finally, in 2006 (but prior to its assignment of its claims to me) LGIAI received a part payment of some $2,000,000 on the Hudson Indebtedness, representing proceeds of a condemnation award on property previously owned by HTRM, and subject to a first mortgage in favor of LGIAI. I understand that such part payment would revive the statute of limitations on LGIAI's claims against Chang, even if those claims were otherwise time-barred.

10. For all these reasons, Chang has failed to make out grounds for summary judgment. If the Court does not deny Chang's motion for summary judgment outright, it should at least grant a continuance of that motion so that I may pursue discovery on my Counterclaim. Once established, that Counterclaim will cancel out many times over any liability I may be found to have to Chang.

### The Action Should Be Transferred to New Jersey

11. In response to my motion to transfer, Chang does not deny that he and I are both residents of New Jersey. He does not deny having twice already agreed, in writing, to litigate any claims arising out of his dealings with LGIAI in New Jersey. (D.E. 12, Exbs. A, C.) He does not deny that it would be more convenient for both parties to litigate this action in New Jersey rather than New York. Instead, Chang argues that simply because our respective criminal attorneys were both in New York when they exchanged the settlement correspondence appended to Chang's state-court motion, this action should remain here. (D.E. 17, ¶4.)

12. Although Chang and I were both represented by New York counsel, these attorneys had been engaged to defend us in federal criminal proceedings in New Jersey. (D.E. 17, Exb. A; Exb. L to Knapp Reply Declaration, at 1.) Not only did the underlying criminal conduct take place in New Jersey, but the agreements which form the basis of my Counterclaim against Chang were signed in New Jersey, are governed by New Jersey law and were secured by New Jersey collateral. All related litigation, criminal and civil, has taken place in New Jersey. (D.E. 17, Exb. A; Exbs. I and L to Knapp Reply Declaration.)

13. Most importantly, Chang has already twice agreed to litigate the Counterclaim in New Jersey. (D.E. 12, Exbs. A, C.) He offers no reason he should now be relieved of his bargain. The Court should accordingly transfer the action to New Jersey.

### Conclusion

14. Chang professes outrage that I have taken an assignment of LGIAI's claims against him in response to his action against me on the settlement correspondence. But there is no reason Chang should be able to pursue me on a $500,000 claim, while evading his own liability to LGIAI for at least twenty times that amount.

15. Since Chang appears to be judgment proof, the assignment at least insures that one claim will be offset against the other, and that Chang will not enjoy a windfall at my expense. If Chang were to be granted judgment on his claim now, and I were relegated to a separate action to pursue the Counterclaim as Chang suggests, I would of course never be able to recoup what I had paid out, no matter how big a judgment I later obtained against Chang. The Court should accordingly either deny Chang's motion for summary judgment outright or, alternatively, grant my motion for a continuance to pursue discovery. The Court should in any event transfer the action to New Jersey.

16. I declare under penalty of perjury that the foregoing is true and correct.

Alpine, New Jersey
Executed on September 14, 2006

_____
Cha Keuk Koo

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply Declaration in Further Support of Defendant's Motion to Transfer and for a Continuance was served and filed electronically on September 14, 2006 in accordance with Local Civil Rule 5.2.

_____
Robert P. Knapp III (RK-2575)